# EXHIBIT 1

**COURTHOUSE NEWS SERVICE**
30 N. Raymond, Third Floor, Pasadena CA 91103, (626) 577-6700, home@courthousenews.com

September 16, 2022

Robert Gast
State Court Administrator
Iowa Judicial Branch Building
1111 East Court Ave.
Des Moines, IA 50319

Dear Mr. Gast,

I am the editor of Courthouse News, a national news service that publishes a daily news page at courthousenews.com as well as daily reports on new litigation and new appellate rulings, with law firms and members of the media as subscribers.

I first traveled to Iowa for our news service in 2013. At the time I saw what I call "the bones" of First Amendment access: a shallow wire box at the corner of the intake counter on the first floor of the Polk County Courthouse in Des Moines. It held the few paper filings that had come in that day. There were not many of them because the court had earlier moved over to efiling.

Rox Laird, a longtime journalist in the region, also remembers the box at the corner of the counter holding the new complaints. He said the new paper cases were file stamped and immediately put in the box.

The advent of efiling in Iowa has done the opposite of what technology should do for the courts. It has restricted access by cutting off the ability to see the cases when they are filed. I am writing because that is not the necessary outcome of efiling. The federal courts and a large number of state courts provide press and public access at the time a new filing crosses the virtual intake counter, providing the same timely access as the old box on the counter in the Polk County Courthouse.

The courts of Utah, for example, use Tybera as their efiling software vendor, same as Iowa. But, unlike Iowa, Utah auto-accepts the new civil complaints and makes them available to the public on receipt. That prompt access is in keeping with tradition in American courts.

Before the arrival of efiling, on-receipt access to newly filed paper complaints was common in the region. There were boxes, on or behind the intake counter, holding the day's new civil complaints in courthouses in Minneapolis, Chicago, Milwaukee, Cleveland, Detroit, Indianapolis and St. Louis.

That prompt access flowed from the fact that new civil actions are a common and traditional source of news, and news has a short shelf life. I compare news to bread, fresh on the day it's made and stale the next.

In the electronic environment, state courts provide on-receipt access using auto-accept or a press queue, allowing the media to see the new cases as they are filed. Using one of those two methods, state courts provide on-receipt access in Arizona, through vendor Granicus; Alabama though OLIS; California through Journal Technologies or a legacy home-grown system or Tyler Technologies; Connecticut, Hawaii and New York through in-house systems; Georgia, Nevada and Vermont through Tyler; and in Utah, as mentioned, through Tybera.

Late last month, Florida with a population of 21 million agreed to set up a statewide press queue through Granicus, giving access to nonconfidential civil complaints at the time of receipt or at the latest within five minutes of receipt.

Federal courts, including the District of Iowa, also provide on-receipt access to efiled complaints through the PACER system.

While there are variations in how all these courts go about providing access, the timing does not vary: it is on receipt, when the news is fresh.

In conclusion, I would respectfully ask that you provide the Iowa media and public with access to the new civil complaints when they are received, consistent with how it used to be and consistent with the right of access that attaches at the time of receipt under the First Amendment.

Thank you,

Bill Girdner
Courthouse News Service
bgirdner@courthousenews.com
626 577 6700