# EXHIBIT 2

COURTHOUSE NEWS SERVICE
30 N. Raymond, Third Floor, Pasadena CA 91101 Phone 626 577 6700

April 7, 2023

Anne Sheeley
Clerk of Court
Polk County District Court
500 Mulberry Street
Room 212
Des Moines, IA 50309

Dear Ms. Sheeley,

I am the editor of Courthouse News Service and I wanted at the outset to express my thanks for the friendly assistance you have provided over the years to Rox Laird who works as the Iowa correspondent for our news service.

I am writing today about the issue of public access to the new civil complaints efiled in Polk County District Court. Before efiling, it was a longstanding tradition at the Court to place new civil complaints in a wire basket on the counter as soon as they crossed the counter and received a time stamp. The access was at the time of receipt.

With the advent of efiling in Iowa, that tradition of on-receipt access was abandoned in favor of access delayed by processing, the electronic equivalent of docketing. Because of that change in policy, public and press review of new civil actions is now pushed behind the various clerk tasks tied to processing.

The news contained in what is now a virtual stack of efiled civil complaints is, like all news, most interesting and valuable when the complaints are fresh, in other words, on the day the complaints are filed. I am respectfully requesting that the press and public be given access to those public civil complaints when they are received across the virtual counter, like it used to be when new

paper complaints came across a physical counter.

I note that Iowa's vendor for efiling is Tybera. All efiling vendors operate through a statewide efiling manager, or EFM, into which all new efiled complaints flow when they are submitted. The new complaints remain in the EFM even as they are processed by individual court clerks.

Where a clerk denies public access while processing new complaints, providing on-receipt access by necessity requires allowing the media, and through it the public, to review and report on the new public cases while they live in the EFM.

In the alternative, on-receipt access can be accomplished by auto-accepting new complaints into the public docket, and processing afterwards. That is how the federal courts, including the U.S. District of Iowa, provide public access at the time a new complaint is received.

We know that Tybera can provide access on receipt because it does so throughout the state of Utah. So Iowa and Polk County District Court have options that are much less restrictive than the current policy which effectively seals new complaints until they are processed, delaying and damaging the news.

Tybera's statewide contract would be with the State Court Administration and that agency controls the Iowa efiling system through the contract with Tybera. I wrote to State Court Administrator Robert Gast on September 16, 2022 and as of now, more than six months later, I have not received an answer. We believe the administrator has the power to provide on-receipt access but, given the lack of response, we are asking for your help in our campaign to regain that access.

I have often compared news to bread, fresh on the day it's made, stale the next. So we would ask that the press and public be able to review the new civil complaints, a traditional source of news, when they are received, when they are fresh.

In the broader and longer view, my request is to continue the tradition of open courts in America. That tradition was exemplified by access provided to the public in Polk County District Court in the paper era. In comments from the bench last year, Eighth Circuit Judge Bobby Shepherd could have been talking about Polk County when he said, "There was a time when -- and some in this room may remember it -- when you took a pleading to the courthouse and the clerk stamped it physically and it went into different bins and it was available immediately."

If you would, please let me know within two weeks if you or Iowa's Court Administration Office are willing to provide on-receipt access to the new civil actions, access which we respectfully believe is required under the First Amendment of the U.S. Constitution.

Thank you in advance for your consideration of this request.

Bill Girdner
Editor
Courthouse News