IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE and LEE ENTERPRISES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT GAST, In his Official Capacity, and ANNE SHEELEY, In her Official Capacity,<br><br>Defendants. | Case No. 4:23-cv-00169-SHL-SBJ<br><br><br>**DEFENDANTS' ANSWER<br>AND AFFIRMATIVE DEFENSES** |

COME NOW Defendants, Robert Gast and Anne Sheeley, and for their Answer and Affirmative Defenses, state as follows:

1. Defendants can neither admit nor deny the allegations in this paragraph as they have insufficient knowledge of what state and federal courts across the country have historically done nor do they have knowledge of comments made in oral argument in an unrelated case.

2. Admit with respect to Polk County for at least some period of time, noting that this paragraph does not specify a time period.

3. Defendants can neither admit nor deny the allegations in the first sentence of this paragraph as they have insufficient knowledge of what state and federal courts have done or are doing. In response to the second sentence, Defendants aver that new, nonconfidential civil petitions are made available after processing.

4. All allegations contained in this paragraph not expressly admitted are hereby denied or denied for lack of knowledge. The first sentence of paragraph 4 is admitted.

5. Denied. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

6. Denied. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

7. Defendants can neither admit nor deny as they have no knowledge of when news may become stale.

8. Admit Defendants comply with policies and procedures authorized by the Iowa Constitution, Rules adopted by the Iowa Supreme Court and orders of the Iowa Supreme Court governing the filing of documents in civil proceedings. Defendants admit that these procedures may, at times, delay public access for a short period of time. Defendants deny any delay in availability rises to the level of a constitutional violation.

9. Admit Defendants comply with policies and procedures authorized by the Iowa Constitution, Rules adopted by the Iowa Supreme Court and orders of the Iowa Supreme Court governing the filing of documents in civil proceedings.

Defendants admit that these procedures may, at times, delay public access for a short period of time. Defendants deny any delay in availability rises to the level of a constitutional violation.

10. Admit Defendants comply with policies and procedures authorized by the Iowa Constitution, Rules adopted by the Iowa Supreme Court and orders of the Iowa Supreme Court governing the filing of documents in civil proceedings. Defendants admit that these procedures may, at times, delay public access for a short period of time. Defendants deny any delay in availability rises to the level of a constitutional violation.

11. Defendants deny any allegations of a constitutional violation and deny Plaintiffs are entitled to any declaratory or injunctive relief.

12. This paragraph states legal conclusions for which no response is required. Defendants admit they are subject to personal jurisdiction in this District.

13. Defendants admit this case is properly venued.

14. Denied for lack of information.

15. Denied for lack of information.

16. Defendants admit the first sentence of this paragraph. In response to the second sentence, Defendants admit that Defendant Gast is responsible for managing the judicial branch per Iowa Code section 602.1209, and that the Iowa Judicial Branch has an electronic filing and case management system. Otherwise deny.

17. Admit the first sentence. In response to the second sentence, Defendants admit that Sheeley, as Clerk, is responsible for keeping the records of proceedings of the Polk County District Court as provided by law under the direction of the chief judge of the judicial district and providing public access to those records as provided by law. Otherwise deny.

18. Admit Defendants comply with policies and procedures authorized by the Iowa Constitution, Rules adopted by the Iowa Supreme Court and orders of the Iowa Supreme Court governing the filing of documents in civil proceedings. Defendants admit that these procedures may, at times, delay public access for a short period of time. Defendants deny any delay in availability rises to the level of a constitutional violation.

19. Admit.

20. Defendants admit Plaintiffs purport to sue the named defendants in their official capacities. Defendants deny Plaintiffs are entitled to the relief they seek.

21. Defendants admit that Defendant Sheeley, as Clerk, is responsible for keeping the records of proceedings of the Polk County District Court as provided by law under the direction of the chief judge of the judicial district and providing public access to those records as provided by law. Otherwise deny.

22. Denied for lack of knowledge.

23. Denied for lack of knowledge.

24. Denied for lack of knowledge.

25. Denied for lack of knowledge.

26. Denied for lack of knowledge.

27. Denied for lack of knowledge.

28. Admit.

29. Admit Plaintiffs do not appear to be seeking access to confidential documents. Otherwise deny.

30. Denied for lack of knowledge.

31. Denied for lack of knowledge.

32. Denied for lack of knowledge.

33. Denied. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

34. Denied. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

35. Denied. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

36. Defendants admit Plaintiffs have accurately cited the cases contained in this paragraph. However, neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

37. Defendants admit Plaintiffs have accurately cited the cases contained in this paragraph. However, neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

38. Defendants admit Plaintiffs have accurately cited the cases contained in this paragraph. Aver that Plaintiffs omitted the caveat in the last case cited in the paragraph, "unless particular filings are entitled to confidentiality by law." *Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 558 (E.D. Va. 2020). However, neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

39. All allegations in paragraph 39 not hereby admitted are denied and/or denied for lack of information. The first sentence of paragraph 39 is admitted.

40. Denied for lack of knowledge.

41. Denied for lack of knowledge. Defendants admit Plaintiffs have accurately cited the cases contained in this paragraph. However, neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

42. Admit Plaintiffs have correctly cited the case referenced in paragraph 42.

43. Denied. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

44. All allegations in paragraph 44 not expressly admitted are hereby denied and/or denied for lack of information. Defendants admit the filing of a petition invokes the authority of the courts and plays a significant role in the litigation.

45. The first two sentences of paragraph 45 are admitted, with the exception of non-public information. Otherwise deny. The third sentence of paragraph 45 is denied for lack of information.

46. Denied. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

47. Denied. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals have expressly recognized any right under the First Amendment to access documents filed in civil cases or that any such right attaches on receipt of a document.

48. Sentences one, two and four in paragraph 48 are denied for lack of information. With respect to the third sentence of paragraph 48, Defendants comply with policies and procedures authorized by the Iowa Constitution, Rules adopted by the Iowa Supreme Court and orders of the Iowa Supreme Court governing the filing of documents in civil proceedings. Defendants admit that these procedures may, at times, delay public access for a short period of time. Defendants deny any delay in availability rises to the level of a constitutional violation.

49. Denied for lack of information.

50. Defendants admit the first two sentences of paragraph 50 as they pertain to Polk County for at least some period of time, noting that this paragraph does not specify a time period. The last two sentences of paragraph 50 are denied for lack of information.

51. Defendants comply with policies and procedures authorized by the Iowa Constitution, Rules adopted by the Iowa Supreme Court and orders of the Iowa Supreme Court governing the filing of documents in civil proceedings. Defendants admit that these procedures may, at times, delay public access for a short period of time. Defendants deny any delay in availability rises to the level of a constitutional violation.

52. All allegations contained in paragraph 52 not admitted are hereby denied and/or denied for lack of information. Admit that Iowa courts can automatically segregate confidential cases by case type based on designations made by the filer in the e-filing interface. Admit that Plaintiffs have accurately cited Iowa Rule of Electronic Procedure 16.601(1)(a).

53. Denied for lack of knowledge.

54. All allegations contained in paragraph 54 not admitted are hereby denied and/or denied for lack of information. The first two sentences of paragraph 54 are admitted.

55. Denied for lack of information.

56. Denied for lack of information.

57. All allegations contained in paragraph 57 not admitted are hereby denied and/or denied for lack of information. It is admitted that Defendants have received correspondence from Plaintiffs and have not implemented Plaintiffs suggested "alternatives".

58. All allegations contained in paragraph 58 not admitted are hereby denied and/or denied for lack of information. It is admitted that Defendants have received correspondence from Plaintiffs as referenced and have not implemented Plaintiffs suggested "solution".

59. All allegations contained in paragraph 59 not admitted are hereby denied and/or denied for lack of information. It is admitted that Defendants have

received correspondence from Plaintiffs as referenced and have not implemented Plaintiffs suggested "solution".

60. All allegations contained in paragraph 60 not admitted are hereby denied and/or denied for lack of information. It is admitted that Defendant Gast responded by letter and that Defendants have received correspondence from Plaintiffs as referenced.

61. All allegations contained in paragraph 61 not admitted are hereby denied and/or denied for lack of information. It is admitted that the Iowa Judicial Branch has received correspondence from Plaintiffs as referenced.

62. Defendants hereby incorporate their responses to paragraphs 1 through 61 as though fully set forth herein.

63. Denied.

64. Denied.

65. Denied.

WHEREFORE, it is respectfully requested Plaintiffs' Complaint be dismissed with costs assessed to Plaintiffs.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims may be barred by the doctrine of laches.

3. Pending further discovery and investigation, Defendants reserve the right to amend their Answer to assert other additional affirmative defenses as may become necessary or proper to the full defense of this matter.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa


*/s/ Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK
Assistant Attorney General
Agency Counsel Division
1305 E. Walnut St., Second Fl.
Des Moines, Iowa  50319
Ph: (515) 281-4213
Fax: (515) 281-4209
E-mail: jeffrey.peterzalek@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

Counsel of record served via CM-ECF on this 14th day of June, 2023.